**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ALLISSA A. LEADER**

                            **Plaintiff,**

    vs.

**ONONDAGA COUNTY; ONONDAGA COUNTY**
**SHERIFF'S DEPARTMENT; and KEVIN WALSH;**

                            **Defendants.**
_____

**5:09-CV-0493**
**(NAM/DEP)**

**APPEARANCES:**                                          **OF COUNSEL:**

Office of K. Felicia Davis                               K. Felicia Davis, Esq.
P.O. Box 591
Syracuse , NY 13201-3049

**Norman A. Mordue, Chief U.S. District Court Judge**

## ORDER

Because I have had a long and personal acquaintance with defendant Kevin Walsh, I find it necessary to consider sua sponte whether recusal under 28 U.S.C. section 455 is proper. Although none of the circumstances found in Section 455(b) is applicable, the objective "appearance of impropriety" standard embodied in Section 455(a) requires my recusal. Under that standard:

> Any conduct that would lead a reasonable [person] knowing all the circumstances to the conclusion that the judge's "impartiality might reasonably be questioned" is a basis for the judge's disqualification. Thus, an impropriety or the appearance of impropriety . . . that would reasonably lead one to question the judge's impartiality in a given proceeding clearly falls within the scope of the general standard, as does participation by the judge in the proceeding if [s]he thereby creates the appearance of a lack of impartiality.

United States v. Pepper & Potter, Inc., 677 F. Supp. 123, 125-26 (E.D.N.Y. 1988) (quoting

E.W. Thode, Reporter's Notes to Code of Judicial Conduct 60-61 (1973) ).  The objective standard of Section 455(a)  "'is designed to promote public confidence in the impartiality of the judicial process.'"  Pepper & Potter, Inc., 677 F. Supp. at 126 (quoting H.R. Rep. No. 93-1453, 93d Cong., 2d Sess., reprinted in 1974 U.S. Code Cong. & Admin. News 6351, 6355).  Thus, because the appearance of impartiality and actual impartiality are of virtually equal importance, recusal can be necessary even where no actual bias exists.  Id.  Consequently, while I am confident that I could preside over this case impartially, I conclude that I must recuse myself from its consideration nonetheless to avoid the appearance of a lack of impartiality.

Therefore, it is hereby

ORDERED that pursuant to 28 U.S.C. § 455(a) the undersigned hereby recuses himself from the above-captioned matter.  The Clerk of the Court is directed to randomly reassign the this case to another District Court Judge; and it is further

IT IS SO ORDERED.

Dated:  May 8, 2009
   Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge